IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KEVIN E. JENNINGS,**

    Petitioner,                               Case No. 2:11-CV-404
                                             JUDGE GREGORY L. FROST
    v.                                        MAG. JUDGE NORAH MCCANN KING

**WARDEN of ROSS CORRECTIONAL
INSTITUTION,**

    Respondent.

## OPINION AND ORDER

        Petitioner, a state prisoner, filed a motion for leave to proceed *in forma pauperis* and a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  However, the tendered petition, attached to ECF No. 1, did not expressly assert any claims for relief.  On May 11, 2011, the Magistrate Judge recommended that Petitioner's motion for leave to proceed *in forma pauperis* be denied because Petitioner had paid the $5.00 filing fee.  The Magistrate Judge also ordered Petitioner to file, within thirty (30) days, a petition clearly setting forth the bases upon which Petitioner intended to challenge his state court conviction.  Petitioner was also directed to address the issue of timeliness of the petition under 28 U.S.C. § 2244.  *Order and Report and Recommendation*, ECF No. 2.  This matter is now before the Court on Petitioner's objections to the order and recommendation of the Magistrate Judge.  *Objection*, ECF No. 4.

        Addressing the recommendation that his application for leave to proceed *in forma pauperis* be denied, Petitioner explains that he paid the $5.00 filing fee only because he was directed to do so by prison officials; he asks that he be permitted to nevertheless proceed *in forma pauperis*.  Petitioner also addresses the timeliness of the action.  Petitioner has neither submitted an amended petition nor articulated any grounds upon which he intends to challenge


his conviction.  *See generally, Objection*.

Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts requires that a petition for a writ of habeas corpus

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242

Rule 2(c).  This Court cannot be expected to "conjure up" allegations on Petitioner's behalf.  *See King v. Johns*, No. 4:10cv1835, 2011 WL 1278481, at *2 (N.D. Ohio April 5, 2011) (citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4 th Cir. 1985).  Petitioner has wholly failed to comply with Rule 2 and the Court is unable to proceed with this action.

Petitioner's *Objection*, ECF No. 4, is **DENIED**.  The *Order and Report and Recommendation,* ECF No. 2, is **ADOPTED** and **AFFIRMED**.  As the $5.00 filing fee has been paid, Petitioner's request to proceed *in forma pauperis*, ECF No. 1, is **DENIED.**  Because Petitioner has failed to set forth any grounds for relief under 28 U.S.C. § 2254 and has failed to comply with Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, this action is hereby **DISMISSED**.  The Clerk shall enter **FINAL JUDGMENT**.

**IT IS SO ORDERED.**

 /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE